IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE ELICK, | ) |
| Plaintiff, | ) |
| TRACO EMPLOYEE BENEFIT PLAN, through its Administrator, Highmark Blue Shield, | ) |
| Intervening pltf., | ) |
| vs. | ) Civil Action No. 08-1700 |
| FORD MOTOR COMPANY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of June, 2010, upon consideration of Defendant's Motion in Limine No. 11 to Preclude Intervenor TRACO From Offering Opening or Closing Statements and Presenting or Questioning Witnesses at Trial (document No. 123) and Brief in Support thereof filed in the above captioned matter on May 27, 2010, and upon further consideration of TRACO's Response in Opposition thereto,

IT IS HEREBY ORDERED that said Motion is GRANTED. IT IS FURTHER ORDERED that this Court's Order entered September 16, 2009 (document No. 34) granting TRACO's Motion to Intervene is VACATED.

1

AND, further, for the reasons set forth below, IT IS HEREBY ORDERED that TRACO's Motion to Intervene (document No. 22) is DENIED.

In its Motion to Intervene, TRACO stated that it would file a complaint, similar in nature to that of plaintiff's, as required under Fed. R. Civ. P. 24. Rule 24 requires that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." TRACO has failed to file a pleading. See Securities and Exchange Commission v. Investors Sec. Leasing Corp., 610 F.2d 175, 178 (3d Cir. 1979) (holding that parties must comply with the requirements of Rule 24(c)). Furthermore, TRACO's failure to file a pleading is more than a technical violation of this rule. TRACO has clearly aligned itself with the Plaintiff. Intervention requires the intervenor to present a claim or defense related to the existing litigation, which the intervenor wishes to assert as part of the existing litigation rather than as a separate action. See Lexington Ins. Co. V. Caleco, Inc., 01-5195, 2003 WL 21652163, *5-6 (E.D.Pa. March 22, 1999). However, a review of TRACO's motion to intervene, its pretrial statement and its response to this motion establishes that TRACO's interest is adequately represented by the Plaintiff. See Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995) (setting forth four requirements for intervention as of right).

In addition, TRACO possesses a means of recovery from the Plaintiff, should she prevail, pursuant to its subrogation rights under the terms of the health benefit program. It appears that such rights can be asserted in a separate action at a later date. Furthermore, even if TRACO had a claim against the Defendant independent of the Plaintiff's claims, the filing of a pleading at this late date would unduly prejudice the Defendant. See <u>Shevlin v. Schewe</u>, 809 F.2d 447, 449-50 (7th Cir. 1987). Therefore, TRACO has not established that it is entitled to either intervention as of right or permissive intervention pursuant to Rule 24. Accordingly, TRACO's Motion to Intervene is DENIED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record