IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE ELICK,                )
                                )
         Plaintiff,             )
                                )
    vs.                         )   Civil Action No. 08-1700
                                )
FORD MOTOR COMPANY,             )
                                )
         Defendant.             )

O R D E R

AND NOW, this 17th day of June, 2010, upon consideration of Defendant Ford Motor Company's Motion In Limine No. 9 to Preclude Plaintiff's Purported Expert Charles Benedict, Ph.D., from Testifying Regarding "Centrifugal Tests"(Document No. 83), and memorandum in support thereof (Document No. 85), filed in the above-captioned matter on May 14, 2010, and upon further consideration of Plaintiff's response thereto (Document No. 132), filed on June 1, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED.

Admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which has three requirements: (1) the witness must be qualified to offer expert testimony; (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge, that is, the testimony must be the product of reliable principles and methods; and (3) the testimony must assist

1

the trier of fact, that is, it must fit the case. See Pineda v. Ford Motor Company, 520 F.3d 237, 244 (3d Cir. 2008). Under Rule 702, the trial court acts as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993). In assessing the reliability of a proffered expert's testimony, a trial court must focus not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology. See id. at 594-95. Although Defendant does not specify which of these requirements are at issue here, it appears to argue that it is a combination of the latter two, reliability and fit.

Although Defendant dismisses Dr. Benedict's centrifugal tests as "junk science," it does not identify any specific problems with Dr. Benedict's methodology or establish that the methodology is not generally accepted in his field. The mere fact that Dr. Benedict is not aware of any other person who utilizes this specific test does not establish that his methodology does not follow generally accepted standards. It is whether the test employed sound scientific methods, and not whether the significance of the test itself is generally accepted, that is relevant. Cf. Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1233 (10th Cir. 2004).

Moreover, Defendant's argument does not account for the fact that evidence of the centrifugal tests is being offered, not as

2

a re-creation of the accident, but as a depiction of principles forming Dr. Benedict's opinion. In determining the admissibility of demonstrations and tests in this context, courts utilize Federal Rule of Evidence 403. In applying Rule 403 to visual demonstrations and tests, the Third Circuit Court of Appeals has determined that depictions that appear to "re-create" an accident are significantly more likely to confuse the jury than depictions that merely illustrate principles forming an expert's opinion. See Harkins v. Ford Motor Company, 437 F.2d 276, 278 (3d Cir. 1970); Altman v. Bobcat Company, 349 Fed. Appx. 758, 763 (3d Cir. 2009).

Thus, for demonstrative evidence closely resembling the actual accident, courts generally require the proponent to establish that the demonstration shares substantial similarity with the accident conditions. See Altman, 349 Fed. Appx. at 763; Fusco v. General Motors Corp., 11 F.3d 259, 264 (1st Cir. 1993); Harsh v. Petroll, 840 A.2d 404, 421 (Pa. Commw. Ct. 2003). By contrast, if a demonstration does not appear to re-create the accident, Rule 403 generally does not require a foundational showing of similarity with accident conditions. See Altman, 349 Fed. Appx. at 763. Instead, the inquiry is whether the test on which the evidence is premised was properly conducted. See Fusco, 11 F.3d at 264. The court must determine whether the demonstration is sufficiently close in appearance to the original accident to create the risk of misunderstanding by the jury, for it is that risk that gives rise to

the special requirement to show similar conditions. See Altman, 349 Fed. Appx. at 763; Fusco, 11 F.3d at 264.

Plaintiff does not claim that the centrifugal tests at issue here were an attempt to re-create the accident, but rather, claims that they merely illustrate basic scientific principles. The court agrees. The tests are being offered to demonstrate the effects of centrifugal forces on the ball and saucer retractor used in the subject vehicle and as a visual demonstration of the kinematics and physics of the retractor and of the phenomenon of spooling. The nature of the test, removing the retractor from the vehicle, placing it on a wheel, and rotating the wheel, does not create the risk that the jury will believe that the test is a re-creation of what happened in this case. The test does not involve any vehicles and does not portray any actions resembling a roll-over. Rather, it presents scientific principles in a fairly abstract way. See Muth v. Ford Motor Company, 461 F.3d 557, 566 (5th Cir. 2006).

Any dissimilarities between the actual conditions and the illustrations of general principles will affect the weight of the evidence, not its admissibility, in this case. See Russo v. Mazda Motor Corp., 1992 WL 309630, at *2 (E.D. Pa. Oct. 19, 1992). Moreover, unfair prejudice or confusion can be mitigated by cross-examination and limiting jury instructions. See Altman, 349 Fed. Appx. at 763.

4

Accordingly, evidence of Dr. Benedict's centrifugal tests is admissible for the purpose of demonstrating basic scientific principles regarding the design of the ball and saucer retractor and the phenomenon of spooling. Such evidence is relevant as to whether the retractor in the subject Ford Explorer was defective and as to whether there were feasible alternative designs. It is not relevant for purposes of re-creating what happened with the specific retractor at issue during the January 4, 2007 accident, because, by Plaintiff's own admission, the tests do not attempt to re-create the conditions of the accident. Plaintiff and Dr. Benedict are precluded from portraying the test as such a re-creation. The Court will instruct the jury to limit its consideration of this evidence accordingly.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record