IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE ELICK,

       Plaintiff,

vs.

FORD MOTOR COMPANY,

       Defendant.

Civil Action No. 08-1700

O R D E R

AND NOW, this 21st day of June, 2010, upon consideration of Defendant's Motion in Limine No. 8 to Preclude Plaintiff's Purported Expert Brian Benda, Ph.D. From Testifying Regarding an Alternative Restraint System Equipped With Rollover-Activated Pretensioners or that Such Alternative Restraint System Would Have Prevented Plaintiff's Injuries in the Subject Accident (document No. 81) filed in the above captioned matter on May 14, 2010, and upon further consideration of Plaintiff's Response thereto, and Defendant's Reply thereto,

    IT IS HEREBY ORDERED that said Motion is DENIED.

    The Court finds that, pursuant to Federal Rule of Evidence 702, the expert testimony of Dr. Brian Benda is based on reliable principles and methods and is, therefore, admissible.

    Admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which has three requirements: (1)

1

the witness must be qualified to offer expert testimony, (2) the testimony must be the product of reliable principles and methods, and (3) the testimony must assist the trier of fact. Under Rule 702, a trial court acts as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993). In assessing the reliability of a proffered expert's testimony, a trial court must focus not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology. Daubert, 509 U.S. at 590. Because Dr. Benda is an engineer and his testimony is more "technical" than "scientific," the Court has great discretion in determining how to assess its reliability. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151-52 (1999). The Defendant does not question whether Dr. Benda is qualified as an expert, which weighs in favor of finding his opinions to be sufficiently reliable. See In re TMI Litig., 193 F.3d 613, 664-65 (3d Cir. 1999).

Dr. Benda performed a series of quasistatic inversion tests on a 1994 Ford Explorer exemplar vehicle and on the same model equipped with two proposed alternative designs, one of which was comprised of an "all belts to seats" seatbelt system equipped with rollover-activated pretensioners. Dr. Benda added five pounds of tension to the seatbelt in order to simulate the activation of the rollover pretensioner in this alternative restraint system. Dr.

Benda explained that this amount of tension was a conservative estimate of the effect of pretensioners.

Defendant first challenges the feasibility of Dr. Benda's alternative design that includes a rollover-activated pretensioner. To prevail on her strict liability claim, Plaintiff must prove that the Ford Explorer was defective at the time it left defendant's control. See Duchess v. Langston Corp., 769 A.2d 1131, 1142 (Pa. 2001); Phillips v. Cricket Lighters, 841 A.2d 1000, 1005 (Pa. 2003). Moreover, in a crashworthiness case under Pennsylvania law, a plaintiff must prove that an alternative, safer design practicable under the circumstances existed at the time the vehicle at issue was designed and/or manufactured. See Habecker v. Clark Equipment Co. (Habecker III), 36 F.3d 278, 284-87 (3d Cir. 1994)(citing Kupetz v. Deere and Co., Inc., 644 A.2d 1213 (Pa. Super. 1994)). In determining the admissibility of evidence under this standard, "it is important to distinguish evidence of what safety features were feasible at the time a product was designed, from evidence of what safety features were known to be desirable at that time." Habecker v. Clark Equipment Co. (Habecker II), 942 F.2d 210, 215 (3d Cir. 1991). Defendant's argument concerning whether Dr. Benda's alternative design was feasible at the relevant time is not a challenge to the reliability of Dr. Benda's opinions. Rather, Defendant's argument about the existence of an alternative design at

3

the relevant time goes to a central issue in a crashworthiness case, and it is the factfinder's responsibility to weigh such evidence.

In its second argument, the Defendant challenges how Dr. Benda conducted his inversion tests, in particular focusing on the amount of simulated pretension that Dr. Benda chose to use. However, the Defendant questions the substance of Dr. Benda's conclusions, not his methodology. Where an expert's underlying methodology is reliable, defects in the conclusions go to the weight of the evidence and should be explored on cross-examination. Daubert, 509 U.S. at 598.

Finally, the Defendant suggests that Dr. Benda's opinions are unreliable because, in forming his own opinions, he incorporated the opinions of Stephen Forrest. The Court disagrees. Under Rule 703, an expert may rely on any facts or data "of a type reasonably relied upon by experts in the particular field in forming opinions." An expert may reasonably rely on the work of others when the information is typically relied upon by engineering experts. See, e.g., St. Paul Fire & Marine Ins. Co. v. Nolen Group, Inc., 2005 Westlaw 1168380, at *12 (E.D.Pa. May 13, 2005). The Defendant's objection concerns the weight of these opinions, not their admissibility. The Court has already found that Mr. Forrest's opinions were admissible, albeit with a limiting instruction, and the Defendant had the opportunity to explore any weaknesses in Mr.

Forrest's conclusions during his cross-examination. The Defendant had the same opportunity with Dr. Benda.

The Court is satisfied that Dr. Benda used a reliable methodology in formulating his opinions.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record