IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE ELICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1700 |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 23rd day of June, 2010, upon consideration of Defendant's Motion in Limine No. 10 to Preclude Plaintiff's Expert Steve Forrest From Testifying Regarding Drop Tests (document No. 86) and Brief in Support thereof filed in the above captioned matter on May 14, 2010, and upon further consideration of Plaintiff's Response thereto (document No. 133), and Defendant's Reply to Plaintiff's Response (document No. 169),

IT IS HEREBY ORDERED that said Motion is DENIED.

Evidence of the drop tests is admissible as a depiction of the principles forming Mr. Forrest's opinion. However, the conditions of the tests are not substantially similar enough to establish what happened during the first roll during the Plaintiff's accident.

In applying Federal Rule of Evidence 403 to visual demonstrations and tests, the Third Circuit has determined that

1

depictions that appear to "recreate" an accident are significantly more likely to confuse the jury than depictions that merely illustrate principles forming an expert's opinion. See Harkins v. Ford Motor Co., 437 F.2d 276, 278 (3d Cir. 1970); Altman v. Bobcat Co., 349 Fed. Appx. 758, 763 (3d Cir. 2009). Thus, for demonstrative evidence closely resembling the actual accident, courts generally require the proponent to establish that the demonstration shares substantial similarity with the accident conditions. See Altman, 349 Fed. Appx. at 763; Fusco v. General Motors Corp., 11 F.3d 259, 264 (1st Cir. 1993). By contrast, if a demonstration does not appear to recreate the accident, Rule 403 generally does not require a foundational showing of similarity with accident conditions. See Altman, 349 Fed. Appx. at 763. Instead, the inquiry is whether the test on which the evidence is premised was properly conducted. See Fusco, 11 F.3d at 264. A court must determine whether the demonstration is sufficiently close in appearance to the original accident to create the risk of misunderstanding by the jury, for it is that risk that gives rise to the special requirement to show similar conditions. See Altman, 349 Fed.Appx. at 763; Fusco, 11 F.3d at 264.

The Court finds that the drop tests at issue here were not an attempt to recreate the accident, but rather, illustrate basic scientific principles. The tests are being offered to demonstrate the forces and energy that are applied to a vehicle roof and are

relevant to roof strength. See Shipp v. General Motors Corp., 750 F.2d 418, 427 (5th Cir. 1985). The nature of the test does not create the risk that the jury will believe that the test is a recreation of what happened in this case. Any dissimilarities between the actual conditions and the illustrations of general principles affect the weight of the evidence, not its admissibility. See Russo v. Mazda Motor Corp., 1992 Westlaw 309630 (E.D. Pa. 1992). Moreover, unfair prejudice or confusion can be mitigated by cross-examination and limiting jury instructions, which the Court provided. See Altman, 349 Fed. Appx. at 763.

Accordingly, evidence of Mr. Forrest's drop tests is admissible for the purpose of demonstrating basic scientific principles regarding the forces and energy that are applied to a vehicle roof.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record