IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE ELICK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 08-1700 |
| FORD MOTOR COMPANY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of June, 2010, upon consideration of various motions in limine filed by Defendant Ford Motor Company (Document Nos. 68, 70, 72, 76, and 78) and memoranda in support thereof filed in the above-captioned matter on May 14, 2010, and upon further consideration of Plaintiff's responses thereto,

IT IS HEREBY ORDERED that said motions are disposed of as follows:

Defendant's Motion in Limine No. 2 to Preclude Evidence of Post-1994 FMVSS 216 Test Criteria or Results (Document No. 68) is DENIED AS MOOT, no such evidence having been offered at trial.

Defendant's Motion in Limine No. 3 to Preclude Reference to the 2009 Amendments to FMVSS 216 or Related Notices of Proposed Rulemaking (Document No. 70) is DENIED AS MOOT, no such evidence having been offered at trial.

Defendant's Motion in Limine No. 4 to Exclude Evidence Referring to Volvo Car Corporation or Volvo Vehicles, Including the 2003 Volvo XC90 (Document No. 72) is DENIED for reasons discussed on the record during these proceedings.

Defendant's Motion in Limine No. 6 to Preclude Testimony of Allan J. Kam (Document No. 76) is DENIED AS MOOT, no such testimony having been offered at trial.

Defendant's Motion in Limine No. 7 to Permit the Jury to Apply a Risk-Utility Analysis and to Admit Evidence of Industry Customs and Standards (Document No. 78) is DENIED to the extent not granted in part by the Court's June 7, 2010 oral Order.

As has been discussed throughout these proceedings, pursuant to Pennsylvania law, compliance with industry customs and standards is generally inadmissible in a strict liability case. See Gaudio v. Ford Motor Company, 976 A.2d 524, 543-44 (Pa. Super. 2009); Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc., 528 A.2d 590, 594 (Pa. 1987); Habecker v. Clark Equipment Co., 36 F.3d 278, 282 (3d Cir. 1994).[1] There are certain exceptions to this rule. For example, a plaintiff may open the door to the introduction of evidence of compliance with industry or government standards by offering evidence regarding such standards herself.

---

[1] While not directly related to this issue, in a defective design case, it is relevant to show the "state of the art" in design safety at the time the product was designed and manufactured. See Phatak v. United Chair Company, 756 A.2d 690, 693 (Pa. Super. 2000). Any such evidence was generally admitted during trial.

See Clevenger v. CNH America, LLC, 2008 WL 2383076 (M.D. Pa. 2008); Gaudio, 976 A.2d at 544; Daddona v. Thind, 891 A.2d 786, 807 (Pa. Commw. 2006). Furthermore, evidence of compliance with industry or government standards may be relevant to counter a plaintiff's claim for punitive damages. See Nigro v. Remington Arms Company, Inc., 637 A.2d 983 (Pa. Super. 1994); Harsh v. Petroll, 840 A.2d 404, 424 n.18 (Pa. Commw. 2003).

Because, in this case, Plaintiff withdrew her claim for punitive damages, and because Plaintiff did not open the door to the introduction of such evidence, neither exception applies, and evidence of industry customs and standards is not relevant under Pennsylvania law and is inadmissible under Federal Rule of Evidence 402. Accordingly, to the extent that Defendant's motion seeks the admission of such evidence, it is denied.

                                                   s/Alan N. Bloch
                                                United States District Judge

ecf:      Counsel of record